This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-43196**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**GILBERT HANNAWEEKE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Bradley L. Keeler, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**MEDINA, Chief Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** The State appeals from the district court's order that suppressed all evidence obtained as a result of Defendant's arrest without probable cause. [BIC 1] We observe that the State's challenge to the district court's authority to address the suppression motion focuses on an interpretation of our Rules of Criminal Procedure, which raises "a question of law that we review de novo." *See State v. Ruiz*, 2025-NMCA-031, ¶ 9, 577 P.3d 232. Our review of the substance of the district court's suppression order presents a mixed question of fact and law whereby this Court reviews factual matters with deference to the district court's findings if substantial evidence exists to support them, and it reviews the district court's application of the law de novo. *See State v. Williams*, 2011-NMSC-026, ¶ 8, 149 N.M. 729, 255 P.3d 307.

**{3}** We begin with the State's challenge to the district court's authority to consider the suppression motion. The State asserts that, in hearing Defendant's motion to suppress evidence, the district court erroneously "revisited" the magistrate court's determination that there was sufficient evidence presented at the preliminary hearing to establish probable cause to bind over the criminal charges. [BIC 7-13] In support of this contention, the State relies on *State v. Ayon*, 2023-NMSC-025, 538 P.3d 66, and *State v. Ruiz*, 2025-NMCA-031, 577 P.3d 232. [Id.] As the State correctly explains in its brief in chief, *see Ruiz*, 2025-NMCA-031, ¶ 1, 7, 13-15, it is established that "a district court, as a matter of law, does *not* have authority to review a magistrate court's prior finding of probable cause at a preliminary examination hearing, just as a district court cannot review a probable cause finding made by a grand jury." [BIC 8] The State continues, arguing that this conclusion in *Ruiz* was a natural progression from that of *Ayon*, 2023-NMSC-025, ¶¶ 1-2, 15-18, where our Supreme Court concluded that "a district court at a preliminary hearing is without authority to determine that evidence was unlawfully obtained, and is therefore without authority to exclude such evidence at such a hearing." [BIC 8] As a result, the State contends, the district court was similarly restricted from considering Defendant's suppression motion. [Id.]

**{4}** While the State is correct about the general holdings from *Ayon* and *Ruiz*, it errs in its application of this precedent to the district court's order on Defendant's suppression motion. The argument by the State appears to erroneously conflate the probable cause showing that a law enforcement officer must establish to justify a lawful arrest and the probable cause showing that a prosecutor must establish to justify a bind over of felony charges to a district court. *Compare* N.M. Const. art. II, § 10 *and State v. Ochoa*, 2004-NMSC-023, ¶ 9, 135 N.M. 781, 93 P.3d 1286 (explaining that under the probable cause requirement for a lawful arrest, a law enforcement officer must establish "facts and circumstances [that] warrant a belief that the accused had committed an offense, or is committing an offense"), *with* N.M. Const. art. II, § 14 *and Ayon*, 2023-NMSC-025, ¶ 16 (explaining that the probable cause requirement for a bind over of felony charges is based on the concept that "[a] defendant in New Mexico cannot be made to answer for a serious criminal offense unless there has first been a determination of probable cause by a grand jury or a judge at a preliminary hearing").

**{5}** We observe that our Supreme Court in *Ayon* directly addressed whether its conclusion barring a district court from considering suppression issues at a preliminary

hearing could affect a later suppression challenge. In addressing the dissent's concerns, our Supreme Court noted that its majority opinion "simply reserves any question regarding the legality by which the evidence was obtained for a later date than the preliminary hearing when the matter can be carefully considered." *Ayon*, 2023-NMSC-025, ¶ 33. Our Supreme Court further explained that "[d]efendants have an existing pretrial mechanism to vindicate their right to be free from unconstitutional searches and seizures: a motion to suppress. Today's ruling does nothing to diminish this remedy." *Id.* ¶ 34 (citation omitted). "The better path is for [suppression] issues to receive a full, fair, and focused suppression hearing, with the benefit of briefing, sufficient time, and a fully developed record." *Id.* ¶ 39. Therefore, because the district court properly considered the admissibility of the seized evidence, rather than reconsider the sufficiency of evidence presented at the preliminary hearing, at the suppression hearing, we find no error by the district court.

**{6}**     The State further challenges the district court's application of *State v. Cotton*, 2011-NMCA-096, 150 N.M. 583, 263 P.3d 925. [BIC 9-11] Specifically, the State contends that the district court's reliance on the case was misplaced because the evidence against Defendant was stronger than that of the defendant in *Cotton*, because "Defendant assertedly told the officer that he drank alcohol and *then* drove to the location at which he was found." [BIC 9-10] Additionally, the State challenges the district court's conclusion that the totality of the circumstances failed to establish probable cause to arrest Defendant. [BIC 11-12] We are unpersuaded by the State's arguments.

**{7}**     The district court's conclusion turned on whether the State established that at the time of Defendant's arrest there was probable cause that Defendant operated a motor vehicle while impaired by alcohol. [RP 97] Evidence was presented including Defendant's purported statement that he drank alcohol prior to driving to the location, that the vehicle had remained stationary for at least an hour, and the empty alcohol containers were located inside the vehicle. [RP 96] The district court also acknowledged a lack of evidence regarding Defendant's driving prior to stopping. [Id.] The totality of these circumstances raised a legitimate question of whether the State established probable cause that Defendant drove his vehicle while impaired by alcohol or if the impairment, if any, occurred after he had stopped driving. [Id.] As a result, the district court concluded that the "lack of overlap of driving and impairment" established only an impermissible speculation of driving while impaired that was insufficient pursuant to *Cotton*, 2011-NMCA-096, ¶¶ 14-15. [RP 97] In other words, "[t]he State . . . failed to establish that Defendant drove *after* he had consumed alcohol and after alcohol impaired his ability to drive to the slightest degree," *see id.* ¶ 14, just as the State failed to prove in *Cotton*, notwithstanding Defendant's purported admission.

**{8}**     We are similarly unpersuaded by the State's related challenge to the applicability of *Cotton* because this Court in *Cotton* addressed the sufficiency of evidence presented in support of a DWI conviction following trial, whereas the district court applied *Cotton* in addressing Defendant's probable cause challenge. [BIC 10-11] As we explained earlier, a probable cause determination for a lawful arrest requires a law enforcement officer to establish "facts and circumstances [that] warrant a belief that the accused had

committed an offense, or is committing an offense." *Ochoa*, 2004-NMSC-023, ¶ 9. Thus, the conclusion from *Cotton*, 2011-NMCA-096, ¶¶ 14-15, that evidence is insufficient to establish the requisite connection between driving and impairment when it relies on impermissible speculation, is directly relevant to whether the State established probable cause that Defendant had committed DWI. [RP 97] As a result, we find no error in the district court's reliance on *Cotton*, nor in its conclusion that the totality of the circumstances failed to establish probable cause to arrest Defendant for DWI.

**{9}** Lastly, we briefly address the State's succinct contention that the district court erred in the scope of its suppression order in suppressing "all" of the deputy's observations including those prior to Defendant's unlawful arrest. [BIC 11 n.5] The record does not support this contention. The district court's order contained language that properly limited the suppression to "all evidence *obtained as a result of the arrest* of [Defendant] . . . including but not limited to, all of [the deputy's] observations of [Defendant], any statements made by [Defendant] after the arrest, and the breathalyzer results." [RP 97] We conclude that this language properly delineates the suppression of all evidence that had been improperly obtained. *See* Rule 5-212 (A)-(B) NMRA (explaining that "[a] person aggrieved by a search and seizure may move for the return of the property and to suppress its use as evidence" and "[a] person aggrieved by a confession, admission or other evidence may move to suppress such evidence").

**{10}** For these reasons, we affirm the district court's order suppressing all evidence obtained as a result of Defendant's arrest for DWI without probable cause.

**{11}   IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Chief Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**KATHERINE A. WRAY, Judge**